IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

PHILLIP JAMAL JONES,            )
                                )
        Petitioner,              )
    v.                           )      1:14-CR-12
                                 )      1:16-CV-785
UNITED STATES OF AMERICA,        )
                                )
        Respondent.              )

## MEMORANDUM OPINION AND ORDER

Catherine C. Eagles, District Judge.

The defendant-petitioner, Phillip Jamal Jones, moves to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. His claims of ineffective assistance of counsel are without merit, but his conviction for brandishing a firearm in connection with a crime of violence must be vacated pursuant to *United States v. Taylor*, 979 F.3d 203 (4th Cir. 2020), *cert. granted*, 141 S. Ct. 2882 (2021). His conviction on an unrelated bank robbery will also be vacated and the defendant shall be returned to the district for resentencing.

### I.    Procedural History

Mr. Jones was indicted in January 2014 on charges arising out of two different robberies. Doc. 1. Counts One and Two related to a robbery of a truck driver and Count Three related to the robbery of a bank. *Id.* In April 2014, he pled guilty to the bank robbery. Minute Entry 04/07/2014; Doc. 20. His plea did not resolve the other charges—Hobbs Act robbery and a § 924(c) charge of brandishing a firearm in connection with a crime of violence arising out of the robbery of the truck driver, which were set for trial. Docket Entry 05/14/2014. The grand jury returned a superseding

indictment amending the Hobbs Act robbery charge to an attempted robbery charge. Doc. 29.

Mr. Jones through counsel filed a motion to suppress evidence, primarily a BB gun, based on an allegedly unconstitutional search. Doc. 13. The government represented it did not intend to offer the BB gun into evidence. Doc. 21. In his trial brief, Mr. Jones asked to expand the suppression motion to include GPS location monitoring data obtained after the initial search under a "fruit of the poisonous tree" argument. Doc. 26 at 7–8. The government responded in early June that the BB gun had not led to its review of Mr. Jones's GPS data. Doc. 32 at 4.

Days later, Mr. Jones pled guilty to one count of brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii). Minute Entry 06/09/2014; Doc. 36. The underlying crime of violence was not the bank robbery but rather was the attempted interference with commerce arising from the attempted robbery of the truck driver. *See* Doc. 42 at ¶ 5; Doc. 29 at 2. The Court did not rule on the motion to suppress, which Mr. Jones abandoned by his guilty plea. *See Tollett v. Henderson,* 411 U.S. 258, 267 (1973) (holding entry of a guilty plea waives challenges to the deprivation of constitutional rights occurring before entry of the guilty plea).

Weeks later, after an unsuccessful effort to withdraw his guilty plea to the § 924(c) conviction for brandishing a firearm, *see* Docs. 44, 51, the Court sentenced Mr. Jones to 108 months on each count, to run consecutively. Doc. 54 at 2. On appeal, the Fourth Circuit affirmed, finding that the Court did not abuse its discretion in denying Mr. Jones' motion to withdraw his guilty plea and that the sentence he received was both

2

procedurally and substantively reasonable. *United States v. Jones*, 626 F. App'x 393, 394–95 (4th Cir. 2015) (per curiam).

Mr. Jones timely filed a petition under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Doc. 70. In his petition and supporting memorandum, as supplemented, Mr. Jones asserted that he had received ineffective assistance of counsel during his guilty plea and sentencing and that he was improperly convicted and sentenced under *Johnson v. United States*, 576 U.S. 591 (2015), because attempted armed robbery is not a crime of violence. *See generally* Doc. 71.[1]

The Court appointed counsel to represent Mr. Jones in connection with the *Johnson* issues. Text Order 07/27/2016. Soon thereafter, the matter was stayed pending resolution of appellate cases likely to be determinative on the issues Mr. Jones raised. Doc. 76. On March 23, 2018, Mr. Jones filed an amended § 2255 motion. Doc. 79. On January 27, 2020, he moved to further amend his § 2255 motion, seeking to add a claim that the indictment was defective. Doc. 86.

Eventually, the stay was lifted, Text Order 01/13/20, and after further briefing the Court denied the § 2255 motion, as amended. Doc. 91. Specifically, the Court held that Mr. Jones's *Johnson* claim was without merit because attempted interference with commerce by threats and violence was a crime of violence for purposes of a § 924(c) offense, *id.* at 3, and rejected Mr. Jones's claims of ineffective assistance. *Id.* at 4–6.

---

[1] *Johnson* held the residual clause of the Armed Career Criminal Act unconstitutional, in part for its use of the categorical approach to whether a crime qualifies as a violent felony. 576 U.S. at 596–97. As a result, only crimes that qualify as violent felonies without the residual clause may be used for sentencing enhancement—that is, felonies with an element involving "physical force against the person of another," plus felonies of burglary, arson, extortion, or crimes involving the use of explosives. 18 U.S.C. § 924(e)(2)(B).

Mr. Jones appealed. *See* Doc. 94. While the appeal was pending, the Fourth Circuit held that attempted interference with commerce by threats and violence was not a crime of violence. *Taylor*, 979 F.3d 203. In April 2021, the Fourth Circuit dismissed Mr. Jones's appeal for lack of jurisdiction and remanded the § 2255 motion for consideration of an unresolved ineffective assistance of counsel claim. Doc. 117.

The Court allowed additional briefing to revisit the outstanding ineffective assistance of counsel issue and reconsideration of the "crime of violence" issue under *Taylor*. Text Order 05/18/2021; Docs. 123–24. Now pending before the Court are the petitioner's § 2255 motion to vacate judgment, Doc. 70, as supplemented and amended by Docs. 79, 86, 120, 125, 129, and motion to supplement. Doc. 119; *see also* Doc. 130.

## II. Discussion

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a).

### A. Ineffective Assistance of Counsel

A defendant claiming ineffective assistance of counsel must show that counsel's performance fell below an objective standard of reasonableness (the performance prong), and counsel's deficient representation prejudiced the defendant (the prejudice prong). *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). To satisfy the prejudice prong, defendants must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

4

Competent performance is evaluated in relation to "professional norms," *Padilla v. Kentucky*, 559 U.S. 356, 366–67 (2010), and there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689; *see also United States v. Luck*, 611 F.3d 183, 186 (4th Cir. 2010).

In his motion to vacate and various supplements, Mr. Jones asserts his lawyer provided ineffective assistance of counsel in several ways. The Court has previously addressed all these contentions except the claim that his lawyer provided ineffective assistance by abandoning a motion to suppress the BB gun and ankle monitoring data evidence and by persuading Mr. Jones to enter a guilty plea. Doc. 91 (order addressing ineffective assistance arguments); Doc. 117 at 2 (order remanding and identifying as an unresolved issue "Jones' claim that counsel rendered ineffective assistance by failing to move to suppress the BB gun and the ankle monitoring data before advising him to plead guilty"); Doc. 129 at 5–7 (defendant's brief on remand).

### 1. Motion to Suppress

To the extent Mr. Jones contends that his attorney provided ineffective assistance of counsel by failing to move to suppress the BB gun, failing to move to suppress the GPS data, and failing to litigate those motions, those arguments are without merit. His attorney did file a motion to suppress the BB gun, *see* Doc. 13, and in the trial brief, defense counsel included a request to expand the motion to suppress to cover GPS data. Doc. 26 at 6–9. The government addressed that request on the merits, Doc. 32, and there is nothing to indicate that the constitutionality of the seizure of BB gun and GPS data

5

would not have been evaluated on the merits if Mr. Jones had not pled guilty.[2] To the extent he believes defense counsel could have done a better job presenting the challenge, he has offered no evidence that counsel's tactical choices fell below the standard required. *Strickland*, 466 U.S. at 689 (noting that defense counsel has "wide latitude" to make tactical decisions).

The defendant's motion to vacate is denied to the extent it is based on issues surrounding the motion to suppress.

### 2. Pressure to Plead Guilty

"The Sixth Amendment guarantees a defendant the effective assistance of counsel at critical stages of a criminal proceeding, including when he enters a guilty plea." *Lee v. United States*, 137 S. Ct. 1958, 1964 (2017) (cleaned up). There is a "strong societal interest in finality" that "has special force with respect to convictions based on guilty pleas." *Id.* at 1967.

Mr. Jones contends that his attorney provided ineffective assistance of counsel by pressuring him to plead guilty and misrepresenting the law and procedural status of his case immediately before the Rule 11 hearing. Specifically, he affirms that he told former counsel he did not want to plead guilty before the Rule 11 hearing because he did not possess a real firearm as described in the government's proffered factual basis, that counsel advised the charge was supported if the victim merely believed Mr. Jones had a gun, and that it was too late to change his mind about pleading guilty because he had

---

[2] The Court is addressing these arguments in light of the Fourth Circuit's explicit characterization of the ineffective assistance of counsel issues that it determined were not addressed in the initial order denying § 2255 relief. Current counsel recognizes that original defense counsel filed a motion to suppress and litigated it. Doc. 129 at 5–6.

6

"already signed the agreement and the Judge was only there to do a plea hearing, so [he would] be misleading the court." Doc. 71 at 26. Mr. Jones testifies that on counsel's advice, he "went in the court room and just did what [he] was told [and] answered yes to all the questions." *Id.*

Statements made under oath at a Rule 11 hearing are binding absent "clear and convincing evidence to the contrary[.]" *Fields v. Att'y Gen. of Md.*, 956 F.2d 1290, 1299 (4th Cir. 1992). Mr. Jones's testimony does not approach this level in light of the plea colloquy and developments after the Rule 11 hearing.

First, Mr. Jones's current testimony is inconsistent with his sworn answers during the Rule 11 hearing. At that hearing, the court spoke with Mr. Jones at length, repeatedly assuring him that he could have a trial if he wanted one, that he could choose to plead not guilty and have a trial, and that he did not have to plead guilty if he did not want to plead guilty. *See, e.g.*, Doc. 52 at 4 (statement by the court to Mr. Jones that "[t]he important thing is for you to understand your rights and for you not to leave the courtroom having entered a plea of guilty unless that's what you want to do."); *Id.* at 9 (statement by the court to Mr. Jones that he had "the right to plead not guilty," and that "[y]ou can change your mind anywhere along the way if you like. Just let me know, please."). The case was ready for trial and the court reminded Mr. Jones that a jury was available the very next day. *Id.* at 10 (statement by the court to Mr. Jones that "if you decide you want to have your case heard by a jury, we will have a jury come in. They're set to come in tomorrow and we will pick one.")

Mr. Jones repeatedly stated that he understood, and he answered the court's questions clearly and unambiguously. *See, e.g., id.* at 9, 12, 14–15, 17–19, 21. He had

7

no hesitance in conferring with counsel about the possibility that he might be a career offender in case that affected his decision to plead guilty. *Id.* at 22. But he asked no questions and raised no concerns about the BB gun, even though the Court explicitly told him that the government would have to prove at trial that Mr. Jones "displayed a firearm," defined as "an object which is designed to expel a projectile by means of an explosive." *Id.* at 13–14.

At the end of the hearing, the Court gave Mr. Jones an opportunity to ask any "question in your mind that you would like to have answered before you tell [the court] whether you would like for me to accept your guilty plea or not[.]" *Id.* at 28. Mr. Jones asked no questions, raised no concerns, and immediately thereafter pled guilty. *Id.* at 28–29. Even if his attorney wrongly advised it was "too late" to not plead guilty or that a BB gun was a dangerous weapon, which the Court does not find, there was no prejudice, as the court explicitly disabused Mr. Jones of both of those notions.

Second, developments after the Rule 11 hearing are inconsistent with Mr. Jones's current claims. A month after he pled guilty, Mr. Jones filed a *pro se* motion to withdraw his guilty plea on the basis that it resulted from a misunderstanding between Mr. Jones and his attorney. Doc. 44 at ¶ 2. In a later motion filed with new counsel, new counsel conveyed Mr. Jones's claims that he was not guilty of brandishing a firearm and that he pled guilty because he was depressed and not thinking clearly. Doc. 51 at ¶ 5. At no time did Mr. Jones assert that he was misled or pressured by counsel.

A defendant's statements at a Rule 11 hearing are "strong evidence" of voluntariness and knowledge. *See United States v. DeFusco*, 949 F.2d 114, 119 (4th Cir. 1991); *see also United States v. Ubakanma*, 215 F.3d 421, 424 (4th Cir. 2000). His *post-*

8

*hoc* assertions are inconsistent with his statements made under oath at a Rule 11 hearing and with his own claims when he tried to withdraw his guilty plea, and these recent assertions that counsel misled him and pressured him into pleading guilty are not clear and convincing evidence sufficient to show ineffective assistance. *See Fields*, 956 F.2d at 1299 (4th Cir. 1992).

### 3. Advice of Counsel to Plead Guilty

Mr. Jones contends that his attorney provided ineffective assistance of counsel by advising him to plead guilty to the brandishing count before the motion to suppress was resolved and when the plea agreement did not provide any material benefit to him. Doc. 125 at 16. First, it is obvious that the plea agreement did provide a material benefit to Mr. Jones; the attempted robbery charge was dismissed, Doc. 36 at ¶ 5(a), significantly reducing the maximum sentence he could receive, and the government even agreed to recommend a guideline reduction for acceptance of responsibility, *id.* at ¶ 5(b), despite the late date of the defendant's guilty plea. Second, he provides no evidence that counsel's advice fell below an objective standard of reasonableness. *Strickland*, 466 U.S. at 687–88. This contention is without merit.

## B. Crime of Violence

Mr. Jones seeks vacatur of his conviction for brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c). The "crime of violence" underlying Mr. Jones's conviction was attempted Hobbs Act robbery in violation of 18 U.S.C. § 1951(a). In October 2020, the Fourth Circuit held in *Taylor*, also a § 2255 motion, that "attempted Hobbs Act robbery is not categorically a crime of

9

violence." 979 F.3d at 210 (cleaned up). The Court's original conclusion to the contrary, Doc. 91 at 3, should thus be reconsidered.

By its terms, a conviction under § 924(c) requires a defendant to also be guilty of an underlying crime of violence, and the Fourth Circuit has ruled that attempted Hobbs Act robbery is not a crime of violence. In other post-*Taylor* cases, the Fourth Circuit has held that a § 924(c) conviction based on attempted robbery should be vacated when before the court on a § 2255 petition; it has remanded the matter for resentencing when there are multiple counts in the judgment. *See, e.g.*, *United States v. Garvin*, 844 F. App'x 644, 647 (4th Cir. 2021) (per curiam) (based on *Taylor*, vacating § 924(c) conviction on appeal of denial of § 2255 petition and remanding for resentencing); *United States v. Beale*, 840 F. App'x 747, 748 (4th Cir. 2021) (per curiam) (same); *United States v. Stewart*, 832 F. App'x 823, 824–25 (4th Cir. 2021) (per curiam) (same); *see generally United States v. Ventura*, 864 F.3d 301, 309 (4th Cir. 2017) (holding that, under the sentencing package doctrine, if some counts of a multicount criminal judgment are vacated, the judge should be free to review the efficacy of what remains in light of the original sentencing plan). That is appropriate here.

The government asks to hold the matter in abeyance pending a decision by the United States Supreme Court, which has granted certiorari to review *Taylor*. But *Taylor* is binding precedent at the moment, and the Fourth Circuit is not waiting, as the above cited cases indicate, nor are other district courts in this circuit. *See Mamalis v. United States*, No. RDB-09-0608, 2021 WL 3666461, at *2 (D. Md. Aug. 18, 2021).

It is **ORDERED** that the petitioner's motion to supplement, Doc. 119, is **GRANTED** and the motions to vacate, set aside or correct sentence, as supplemented, Docs. 70, 79, 86, are **GRANTED in part and DENIED in part** as follows:

1. The defendant's conviction on Count Two, brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii), is **VACATED;**

2. The defendant's sentence on Count Three, bank robbery in violation of 18 U.S.C. § 2113(a), is **VACATED** and the defendant shall be returned to this district for resentencing.

3. Daniel Adams is appointed to represent the defendant on resentencing.

4. The resentencing hearing is set for March 28, 2022, at 9:30 a.m.

5. The Probation Office is requested to file a supplemental resentencing memorandum recalculating the guidelines and including any factual developments since original sentencing no later than March 2, 2022.

6. The defendant's motion for final order, Doc. 130, is **DENIED** as moot.

This the 3rd day of December, 2021.

_____
UNITED STATES DISTRICT JUDGE